**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| JOSEPH ALLEN, | : | |
| | : | |
| Plaintiff, | : | Civil No. 12-3966 (RBK) |
| | : | |
| v. | : | |
| | : | |
| SGT. RICHARD JOHNSON, et al., | : | **OPINION** |
| | : | |
| Defendants. | : | |

**APPEARANCES**:

    JOSEPH ALLEN, Plaintiff pro se
    # 198258
    Atlantic County Justice Facility
    5060 Atlantic Avenue
    Mays Landing, New Jersey 08330

**KUGLER**, District Judge

    Plaintiff, Joseph Allen, a state inmate confined at the Atlantic County Justice Facility in Mays Landing, New Jersey, at the time he filed this Complaint, seeks to bring this action in forma pauperis. Based on his affidavit of indigence, the Court will grant plaintiff's application to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (1998) and order the Clerk of the Court to file the Complaint.

    At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, to determine whether it should be dismissed as frivolous or malicious, for failure to

state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court concludes that the Complaint should be dismissed.

## I.   BACKGROUND

Plaintiff, Joseph Allen ("Plaintiff"), brings this civil action, pursuant to 42 U.S.C. § 1983, against the following defendants: Sgt. Richard Johnson, the Atlantic City Police Department, and Scott Northridge, Esq., Atlantic County Prosecutor.  (Complaint, Caption, ¶¶ 3B, 3C.)  The following factual allegations are taken from the Complaint, and are accepted for purposes of this screening only.  The Court has made no findings as to the veracity of Plaintiff's allegations.

Plaintiff alleges that, on August 6, 2011, defendant Sgt. Johnson testified under oath in municipal court that Plaintiff did commit robbery by inflicting bodily injury in the course of a theft.  Plaintiff contends that Sgt. Johnson had "no knowledge or information to support his accusations for robbery," and that it was based on defendant's "professional opinion and not the facts of the case."  (Compl., ¶ 4.)

Plaintiff also alleges that Sgt. Johnson testified falsely on September 21, 2011, before the Atlantic County grand jury, when Sgt. Johnson testified that the alleged victim told the

police officer that Plaintiff had assaulted the victim and took $80.00 from the victim's wallet.  (Id.)

Next, Plaintiff alleges that defendant Prosecutor Northridge intentionally and knowingly allowed Sgt. Johnson to give perjured testimony before the Atlantic County grand jury on September 21, 2011, resulting in an "unjust indictment."  (Id.)

Plaintiff seeks compensatory damages of $500,000.00. (Compl., ¶ 5.)

## II.   DISCUSSION

A.   Standards for Sua Sponte Dismissal

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity.  The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.  This action is subject to sua sponte screening for dismissal under both 28 U.S.C. § 1915(e)(2)(B) and § 1915A.

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the

plaintiff.  See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (following Estelle v. Gamble, 429 U.S. 97, 106 (1976); see also United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).

The Supreme Court refined the standard for summary dismissal of a complaint that fails to state a claim in Ashcroft v. Iqbal, 556 U.S. 662 (2009).  The Court examined Rule 8(a)(2) of the Federal Rules of Civil Procedure which provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed.R.Civ.P. 8(a)(2).  Citing its opinion in Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) for the proposition that "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555), the Supreme Court held that, to prevent a summary dismissal, a civil complaint must now allege "sufficient factual matter" to show that the claim is facially plausible.  This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Fowler v. UPMC Shadyside, 578 F.3d 203 (3d Cir. 2009)(citing Iqbal, 556 U.S. at 676).  The Supreme Court's ruling in Iqbal emphasizes that a plaintiff must demonstrate that the allegations of his complaint are plausible.  See id. at 678-79; see also Twombly, 505 U.S. at 555, & n. 3; Warren Gen. Hosp. v. Amgen Inc., 643 F.3d 77, 84 (3d Cir. 2011).  "A complaint must

4

do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts." Fowler, 578 F.3d at 211 (citing Phillips v. County of Allegheny, 515 F.3d 224, 234–35 (3d Cir. 2008).  See also Argueta v. U.S. Immigration & Customs Enforcement, 643 F.3d 60, 73 (3d Cir. 2011); Bistrian v. Levi, 2012 WL 4335958, *8 (3d Cir. Sept. 24, 2012)(allegations that are no more than conclusions are not entitled to the assumption of truth; a court should "look for well-pled factual allegations, assume their veracity, and then 'determine whether they plausibly give rise to an entitlement to relief.'")(quoting, Iqbal, 556 U.S. at 679).

B.  Section 1983 Actions

A plaintiff may have a cause of action under 42 U.S.C. § 1983 for certain violations of his constitutional rights. Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress....

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting

under color of state law.  See West v. Atkins, 487 U.S. 42, 48 (1988); Malleus v. George, 641 F.3d 560, 563 (3d Cir. 2011).

C.  Analysis of Claims

Plaintiff appears to seek damages against Prosecutor Northridge for providing false information to the grand jury.  In Imbler v. Pachtman, 424 U.S. 409 (1976), the Supreme Court held that a prosecutor is absolutely immune from damages under § 1983 for acts that are "intimately associated with the judicial phase of the criminal process," such as "initiating a prosecution and ... presenting the State's case."  Id. at 430-31.  Since Imbler, the Supreme Court has held that "absolute immunity applies when a prosecutor prepares to initiate a judicial proceeding, or appears in court to present evidence in support of a search warrant application[, but] absolute immunity does not apply when a prosecutor gives advice to police during a criminal investigation, when the prosecutor makes statements to the press, or when a prosecutor acts as a complaining witness in support of a warrant application."  Van de Kamp v. Goldstein, 555 U.S. 335, 343 (2009)(citations omitted).  A prosecutor is immune from suit even if he committed perjury or falsified evidence.  See Green v. United States, 418 Fed. Appx. 63, 66 (3d Cir. 2011)(citing Imbler).  Because a prosecutor is absolutely immune from damages under § 1983 for presenting evidence to a grand jury, the damage claims against Prosecutor Northridge, who allegedly obtained an

6

indictment against Plaintiff, will be dismissed for failure to state a claim.

Plaintiff also seeks damages against Sgt. Johnson for his false testimony before the grand jury and municipal court regarding the criminal charge of robbery against Plaintiff. This claim fails because a witness is absolutely immune from suit for testifying falsely. See Rehberg v. Paulk, 132 S.Ct. 1947 (2012) (witness before grand jury, like trial witness, enjoys absolute immunity); Briscoe v. LaHue, 460 U.S. 325, 330-346 (1983)(police officer who testifies in criminal trial enjoys absolute witness immunity for false testimony); Kulwicki v. Dawson, 969 F.2d 1454, 1467 and n. 16 (3d Cir. 1992)(witness who testifies in judicial proceeding is absolutely immune for false testimony); Williams v. Hepting, 844 F.2d 138, 143 (3d Cir. 1988)(witness is entitled to absolute immunity from civil liability under § 1983 for perjured testimony at preliminary hearing and suppression hearings).

To the extent Plaintiff intended to allege a malicious prosecution claim, this claim also will be dismissed. A prosecutor is absolutely immune for actions performed in the role of advocate. See Imbler, 424 U.S. at 431. A claim of malicious prosecution against an officer for a particular crime under § 1983 "alleges the abuse of the judicial process by government agents." Gallo v. City of Philadelphia, 161 F.3d 217, 225 (3d Cir. 1998). "To prove malicious prosecution under section 1983

7

when the claim is under the Fourth Amendment, a plaintiff must show that: (1) the defendant initiated a criminal proceeding; (2) the criminal proceeding ended in his favor; (3) the defendant initiated the proceeding without probable cause; (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice; and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of a legal proceeding." Johnson v. Knorr, 477 F.3d 75, 81-82 (3d Cir. 2007)(footnote omitted); see also Hartman v. Moore, 547 U.S. 250 (2006).

Although defendants may have initiated a criminal proceeding against Plaintiff, Plaintiff's allegations do not show that the prosecution terminated in his favor, that defendants lacked probable cause to prosecute him (having successfully obtained a grand jury indictment), or that they brought the charges maliciously. Under these circumstances, any purported malicious prosecution claim will be dismissed for failure to state a claim upon which relief may be granted. See Baker v. Wittevrongel, 363 Fed. Appx. 146 (3d Cir. 2010); Kossler v. Crisanti, 564 F.3d 181, 186-87 (3d Cir. 2009)(en banc).

Because the named defendants are immune from suit for damages and Plaintiff's allegations fail to otherwise state a claim under § 1983, this Court will dismiss the Complaint in its entirety.

III. CONCLUSION

Therefore, for the reasons set forth above, the Complaint will be dismissed with prejudice, in its entirety as against the named defendants, because they are immune from suit for damages and because the Complaint fails to state a claim upon which relief may be granted, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii) and 1915A(b)(1), (2).  An appropriate order follows.

                                        s/Robert B. Kugler
                                        ROBERT B. KUGLER
                                        United States District Judge

Dated: January 7, 2013